Dear Mr. Garrard:
You requested an Attorney General's opinion, on behalf of the Baton Rouge Area Convention and Visitors Bureau ("Bureau"), regarding a proposed Employment Agreement between the Bureau and the Bureau's President/CEO, Mr. Paul Arrigo. You indicated that the Employment Agreement contains standard "non-appropriation" type language. Additionally, the term of the Employment Agreement would end on December 31, 2009. You question whether approval of the Employment Agreement is needed from the Louisiana State Bond Commission and whether the term of the agreement, ending on December 31, 2009, is permissible pursuant to La. R.S. 33:4574.
Concerning whether the Employment Agreement requires the approval of the Louisiana State Bond Commission, this office has consistently opined that no debt is incurred under certain contracts if a "non-funding out" clause or "non-appropriation" clause is used. See Attorney General Opinion Nos. 98-258, 95-342, 95-508, 92-559, 83-1045, 81-701 and 81-160. A non-funding out or non-appropriation clause provides that if, for any reason, the political subdivision fails to appropriate or make available funds to meet the contractual payments in any budget year, the contract may be terminated without penalty. Such a clause, in essence, states that the contract is funded on a fiscal year to fiscal year basis and only involves currently appropriated revenue, and, therefore, does not incur indebtedness.
Paragraph 26 of the Employment Agreement contains a "non-appropriation" clause which provides as follows:
 The continuation of this Employment Agreement is contingent upon appropriation of funds to fulfill the requirements of this Employment Agreement. If the Bureau fails to appropriate sufficient monies to provide for the continuation of this Employment Agreement, the Employment Agreement shall terminate on the last day of the fiscal year for which funds have been appropriated. Such termination shall be without penalty or expense to the Bureau except for payments which have been earned prior to the termination date and any payment which may be due pursuant to paragraph 5.2(a) of this Employment Agreement. A failure by the Bureau to appropriate sufficient funds to satisfy the obligation of the Bureau under this Employment Agreement shall not constitute a default under this Employment Agreement. (Emphasis added)
While the Employment Agreement states that termination under this paragraph shall be without penalty or expense, there is a penalty for termination due to non-appropriation. The Bureau will still be liable for any payment which may be due pursuant to paragraph 5.2(a), which provides for the employee's maximum recovery in the event the employee is terminated without cause. Because the Employment Agreement provides for a penalty for termination due to non-appropriation, it is the opinion of our office that the Employment Agreement creates debt and requires State Bond Commission approval.
To answer your second question, it is the opinion of this office that the term of the Employment Agreement, ending on December 31, 2009, is permissible. The Bureau is a "tourist commission" created pursuant to La. R.S. 33:4574. The employment of a President/CEO by the Bureau is governed by La. R.S.33:4574(J)(1) which provides:
 J. (1) Notwithstanding the provisions of R.S. 42:3, the commission may employ an executive director or a person to fill a comparable position on a contract basis, having such qualifications and under such terms and conditions, including but not limited to provisions for sick and annual leave, as may be fixed by the board of directors, for a period not to exceed five years. Said terms and conditions shall be specified in a written contract, which may contain performance objectives and incentives.
The Bureau is specifically exempted from the provisions of La. R.S. 42:3, and can employ a President/CEO for a period not to exceed five years. Thus, the term provided for in the Employment Agreement is permissible.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL